202

595 P.2d 1097
STATE of Idaho, Plaintiff-Respondent,

v.

James EHRMANTROUT,
Defendant-Appellant.

No. 12790.

Supreme Court of Idaho.

June 7, 1979.

Stephen B. McCrea, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

Before SHEPARD, C. J., and McFADDEN, DONALDSON, BAKES and BISTLINE, JJ.

PER CURIAM:

The defendant appellant brings this appeal from a jury verdict finding him guilty of robbery. I.C. § 18–6501. The only issue raised on appeal concerns a jury instruction on the criminal liability of an accomplice. We affirm.

The defendant, his younger brother Wesley Ehrmantrout, and a friend, Walter Scheutz, were charged with robbing Stephen Godfrey of his wallet which contained approximately $940. Scheutz pleaded guilty to robbery and Wesley Ehrmantrout pleaded guilty to being an accessory after the fact. The defendant, also charged with robbery, pleaded not guilty. Following a trial, the jury returned a verdict finding the defendant guilty of the crime charged.

The district court instructed the jury to the effect that the criminal liability of an accomplice extends to crimes committed by his confederate which are the natural and probable consequence of the crime as originally planned. The defendant contends that such instruction misstated the law, contradicted other instructions, and lowered the prosecution's burden of proof. We conclude that the trial court's instruction was not erroneous. *See United States v. Jones*, 170 U.S.App.D.C. 362, 517 F.2d 176 (1975); *State v. Shon*, 385 P.2d 830 (Haw.1963); 1 Wharton's Criminal Law, § 35 at 181 (14th ed. C.Torcia, 1978). *See also State v. Gerhardt*, 97 Idaho 603, 549 P.2d 262 (1976); *State v. Hokenson*, 96 Idaho 283, 527 P.2d 487 (1974); *State v. Owen*, 73 Idaho 394, 253 P.2d 203 (1953). Furthermore, when this particular jury instruction is read together with the other instructions, as it must be, *State v. Radabaugh*, 93 Idaho 727, 471 P.2d 582 (1970), it is clear that the proper burden of proof was placed on the prosecution, and the instruction was not in contradiction with the other instructions.

Affirmed.